Sullivan, R.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-13-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BETH ISRAEL MEDICAL CENTER,
CONTINUUM HEALTH PARTNERS, INC., and        :    11 Civ. 4509 (RJS)
ST. LUKE'S-ROOSEVELT HOSPITAL CENTER,       :    [rel. 12 Civ. 1028]
                                            :
         Plaintiffs,                        :    ECF Case
                                            :
       -against-                            :
                                            :
VERIZON BUSINESS NETWORK SERVICES           :
INC., VERIZON COMMUNICATIONS INC.,          :
VERIZON NEW YORK INC., and VERIZON          :
SERVICES CORP.,                             :
                                            :
         Defendants.                        :
------------------------------------------------------X
BETH ISRAEL MEDICAL CENTER and              :
ST. LUKE'S-ROOSEVELT HOSPITAL CENTER,       :    12 Civ. 1028 (RJS)
                                            :    [rel. 11 Civ. 4509]
         Plaintiffs,                        :
                                            :    ECF Case
       -against-                            :
                                            :
SIEMENS INFORMATION AND                     :
COMMUNICATION NETWORKS, INC.,               :
SIEMENS COMMUNICATIONS, INC.,               :
and SIEMENS ENTERPRISE                      :
COMMUNICATIONS, INC.,                       :
                                            :
         Defendants,                        :
------------------------------------------------------X
SIEMENS ENTERPRISE                          :
COMMUNICATIONS, INC.,                       :
                                            :
         Third-Party Plaintiff,             :
                                            :    **CONFIDENTIALITY**
       -against-                            :    **STIPULATION AND ORDER**
                                            :
TANGOE, INC.,                               :
                                            :
         Third-Party Defendant.             :
------------------------------------------------------X

The parties to the related actions, *Beth Israel Medical Center et al. v. Verizon Business Network Services, Inc. et al.*, Case No. 11 Civ. 4509 (RJS), and *Beth Israel Medical Center et al. v. Siemens Information and Communications Networks, Inc. et al.* (3rd party action: *Siemens Enterprise Communications, Inc. v. Tangoe, Inc.*), Case No. 12 Civ. 1028 (RJS) (collectively, the "Related Actions"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the handling of information and materials produced in the course of discovery or filed with the Court in the Related Actions, it is therefore hereby

ORDERED that any person subject to this Confidentiality Stipulation and Order (hereinafter, "Order") – including without limitation the parties to the Related Actions, their representatives, agents, experts and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. A person producing "Discovery Material" (i.e., information of any kind provided in the course of discovery in the Related Actions) may designate as "Confidential" any information, including documents and testimony, if that information contains trade secrets, proprietary business information, confidential third-party information, competitively sensitive information, or other information, including financial information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients, or contains personal information of an individual.

2. A person producing "Discovery Material" may designate as "Confidential – Attorneys' Eyes Only" any Confidential information, including documents and testimony, if that information contains highly sensitive business or personal information disclosure of which to a party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Confidential information marked "Confidential – Attorneys' Eyes Only" is subject to the same disclosure limitations set forth in this Order for information marked "Confidential," except that information designated "Confidential – Attorneys' Eyes Only" may

2

not be disclosed under any circumstances to the individual litigants (as distinct from their counsel), except: up to two (2) of each party's in-house counsel with responsibility for managing the present litigation and one (1) other employee of that party, absent written consent by the Designating Party. Such permitted disclosure of information designated "Confidential – Attorneys' Eyes Only" to such individuals shall not modify or diminish the effect of that designation in any other respect. An individual party employee designated to receive material labeled "Confidential – Attorneys' Eyes Only" must execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto before receiving such material and shall not disclose or discuss that material with anyone except for their party's in house and outside counsel.

3. For purposes of this Order, "Confidential" refers to Discovery Material designed as "Confidential" or "Confidential – Attorneys' Eyes Only" unless otherwise indicated.

4. Any person subject to this Order who receives from any other person any Discovery Material that is designated as Confidential pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else, and shall use such Confidential information for purposes of the litigation in the Related Actions only, except as expressly permitted hereunder. Discovery Material that has been designated as "Confidential" in one of the Related Actions shall be treated as though designated "Confidential" in both of the Related Actions.

5. "Confidential" information shall not include information or materials that:

a. Have been (and remain) or become lawfully in the possession of the receiving party through communications other than production or disclosure in the Related Actions by the producing party, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the receiving party may continue to use such documents and/or information in the course of their business subject to those agreements;

b. Have been or become part of the public domain by publication or otherwise and not

3

due to any unauthorized act or omission on the part of the receiving party; or

c. May not under law be treated as confidential.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility of the information. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for "Confidential" information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7. This Order may be invoked by and made applicable to any non-party from whom discovery may be sought in the Related Actions and who considers that any information sought from it is confidential and requiring protection. In such event, the non-party shall be accorded the status of a party and/or producing party hereunder with respect to Confidential information designated by it, and have all the rights and obligations of such a party.

8. If at any time prior to the trial of the Related Actions, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

9. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to the Related Actions, their employees and consultants hired by parties in connection with these actions or with the underlying claims, who are required to

4

assist any party in the prosecution or defense of any claim in the Related Actions after they have been given a copy of this Order and advised of their obligations thereunder;

b. counsel retained specifically for either of the Related Actions, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the fact of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in the Related Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert or otherwise provide specialized advice to counsel in connection with the Related Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in the Related Actions;

g. outside graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for a deposition, trial or other court proceedings in the Related Actions, as well as outside copying service and document management companies, including imaging companies;

h. non-technical jury or trial consulting services retained by counsel for a party; and

i. the Court and its support personnel.

10. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d) or 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request, but no earlier than the date the person signing the Non-Disclosure Agreement testifies at deposition or trial, or at the conclusion of the case, whichever

5

comes first.

11. If Confidential material, or quotations from or references to such materials, are to be included in pleadings or documents filed with or otherwise disclosed to the Court, the filing or disclosing party shall not include the Confidential material in the filing or disclosure, but shall instead file a placeholder document (or documents) indicating the redaction of Confidential material. The filing or disclosing party shall then provide the Court with the Confidential material in a filing complying with the Sealed Records Filing Instructions of the Court. The parties will use their best efforts to minimize the need to file or disclose Confidential material to the Court.

12. The failure of a party to challenge the propriety of a designation of Discovery Material as "Confidential" at the time the designation is made will not preclude a subsequent challenge thereto. Nothing in this Order operates to create an admission by a party that "Confidential" information is relevant or admissible. Each party specifically reserves the right to object to the use of any such material disclosed in the Related Actions in accordance with applicable law and Court rules and has not waived any right to object to the production or disclosure of other information in the Related Actions or in any other action.

13. A party may challenge the designation of Discovery Material as "Confidential" or seek to disclose information that is so designated to persons other than those permitted by this Order. The objecting party must first provide the producing party or non-party with Written Notice of its objections and the producing party shall have fourteen (14) days after receipt of such Written Notice to respond to such objections. The parties shall thereafter engage in a good faith effort amongst themselves to resolve the dispute. If, and only if, such good faith efforts are exhausted, the objecting party may seek a resolution from the Court pursuant to the terms of this Order for such Discovery Material, certifying that good faith efforts to resolve the dispute were attempted but failed, and setting forth the reasons that the "Confidential" designation should not be enforced. The producing party or non-party that has designated the Discovery Material as "Confidential" shall bear the burden of proving that it is entitled to such designation and has

6

made a good faith designation thereof.

14. A party may challenge the designation of Discovery Material as "Confidential – Attorneys' Eyes Only" or seek to disclose information that is so designated to persons other than those permitted by this Order. The objecting party must first provide the producing party with Written Notice of its objections and the producing party shall have fourteen (14) days after receipt of such Written Notice to respond to such objections. The parties shall thereafter engage in a good faith effort amongst themselves to resolve the dispute. If, and only if, such good faith efforts are exhausted, the producing party may seek a resolution from the Court pursuant to the terms of this Order for such Discovery Material, certifying that good faith efforts to resolve the dispute were attempted but failed, and setting forth the reasons that the "Confidential – Attorney's Only" designation should be enforced. If the producing party or non-party elects not to seek such a resolution from the Court, or otherwise declines to defend its designation of the material as "Confidential – Attorney's Eyes Only," the challenged material shall be treated as though designated as "Confidential" under this Order, and shall not be subject to the additional limitations on disclosure provided under this Order for Discovery Material designated as "Confidential – Attorney's Eyes Only." The producing party or non-party that has designated the Discovery Material as "Confidential – Attorneys' Eyes Only" shall bear the burden of proving that it is entitled to such designation and has made a good faith designation thereof.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. The inadvertent production of any privileged or otherwise protected or exempted information shall not be a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Immediately after discovering an inadvertent production of privileged information, the producing party shall notify the receiving party, in writing, of the inadvertent production. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned, sequestered or destroyed by counsel for the receiving party and, unless the parties agree otherwise, counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes that were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information. By complying with this obligation the receiving party does not waive any right it has to challenge the assertion of the privilege and request an order from the Court denying such privilege.

18. This Order shall survive termination of the litigation. Within thirty (30) days of the final disposition of the Related Actions, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed. If the receiving party elects to destroy the Confidential material, it shall certify to the producing party within thirty (30) days of the final disposition of the Related Actions that said material has been destroyed. Notwithstanding anything to the contrary, counsel of record for each party may retain one copy of its correspondence file, trial, hearing or deposition transcripts and exhibits, documents constituting work product, and all documents filed or served in the Related Actions.

19. This Order is without prejudice to the right of any party to seek relief from, or modification of, any provision contained herein after notice to the other party or to otherwise seek or agree to different or additional protection for any particular material or information.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

8

contempt.

SO STIPULATED AND AGREED.

Stipulated and agreed
this 10th day of September, 2013

By: _____
Marvin Wexler, Esq.
Kevin J. Fee, Esq.
Emily Rosdeitcher, Esq.
KORNSTEIN VEISZ WEXLER
& POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

and

Gregory J. Vogt, Esq.
(admitted pro hac vice)
LAW OFFICES OF
 GREGORY J. VOGT, PLLC
101 West Street, Suite 4
Black Mountain, North Carolina 28711
(828) 669-2099

*Attorneys for Plaintiffs
Beth Israel Medical Center,
Continuum Health Partners, Inc., and St.
Luke's-Roosevelt Hospital Center*

Stipulated and agreed
this 11 day of September, 2013

By: _____
Gavin J. Rooney, Esq.
Natalie J. Kraner, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2472

*Attorneys for Verizon Business Network
Services Inc., Verizon Communications Inc.,
Verizon New York Inc., and Verizon Services
Corp.*

9

Stipulated and agreed
this 11 day of September, 2013

By: _____
Dennis H. Tracey, III, Esq.
Sarah J. Gregory, Esq.
David Michaeli, Esq.
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000
*Attorneys for Defendant Siemens Enterprise Communications, Inc.*

Stipulated and agreed
this 11 day of September, 2013

By: _____
Lee Anne Duval, Esq.
Glenn M. Cunningham, Esq.
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, Connecticut 06103-1919
(860) 251-5000
*Attorneys for Third-Party Defendant Tangoe, Inc.*

SO ORDERED

_____
The Honorable Richard J. Sullivan
United States District Judge
September 13 2013

10

## EXHIBIT

## NON-DISCLOSURE AGREEMENT

 I hereby acknowledge my understanding that Confidential information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order (the "Order"), entered by the parties in these two related actions captioned *Beth Israel Medical Center et al. v. Verizon Business Network Services, Inc. et al.*, No. 11 Civ. 4509 (S.D.N.Y.) and *Beth Israel Medical Center et al. v. Siemens Information and Communication Networks, Inc. et al.*, No. 12 Civ. 1028 (S.D.N.Y.). I further certify that I have been provided with a copy of and have read and fully understand the Order, and hereby agree to abide by its terms and to subject myself to the jurisdiction of the United States District Court for the Southern District of New York, for purposes of enforcement of the terms and restrictions of the Agreement. I agree that I shall not disclose Confidential Information to anyone other than persons permitted to have access to such information pursuant to the terms of the Order.

Dated: _____     _____
                  (Signature)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETH ISRAEL MEDICAL CENTER, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>VERIZON BUSINESS NETWORK SERVICES, INC., *et al.*,<br><br>Defendants. | No. 11 Civ. 4509 (RJS) |
| BETH ISRAEL MEDICAL CENTER, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>SIEMENS INFORMATION AND COMMUNICATION NETWORKS, INC., *et al.*,<br><br>Defendants. | No. 12 Civ. 1028 (RJS) |
| SIEMENS ENTERPRISE COMMUNICATIONS, INC., *et al.*,<br><br>Third-Party Plaintiffs,<br><br>-v-<br><br>TANGOE, INC.,<br><br>Third-Party Defendant. | <u>ADDENDUM TO ORDER</u> |

RICHARD J. SULLIVAN, District Judge:

This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. As alluded to in paragraph 11 of the Parties' Stipulation, notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority.

Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED.

DATED: September 12, 2013
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2