# Lowenstein Sandler LLP

Gavin J. Rooney
Partner

1251 Avenue of the Americas
New York, NY 10020
T 973 597 2472
F 973 597 2473
grooney@lowenstein.com

January 16, 2014

<u>VIA ECF & EMAIL</u> (SULLIVANNYSDCHAMBERS@NYSD.USCOURTS.GOV)

The Honorable Richard J. Sullivan
United States District Court
    Southern District of New York
Thurgood Marshall United States Courthouse
Courtrooom 905
40 Foley Square, Room 2104
New York, New York 10007

Re:  **Beth Israel Medical Center, et al. v. Verizon Business Network Services, et al.
Civil Action No. 11-CV-4509 (RJS) [rel. 12-CV-1028 (RJS)]**

Dear Judge Sullivan:

Verizon respectfully requests a pre-motion conference regarding its request to file a motion for summary judgment on statute of limitations grounds, together with a stay of further discovery until the motion is ruled upon. During the recent settlement conference conducted by Judge Henry Pitman, it became clear that the parties have vastly different views of the value of this commercial dispute, based largely on their disagreement about a pure question of law: whether plaintiffs' remaining claims are governed by the six-year statute of limitations applicable to New York contract claims, or the two-year statute of limitations under the Federal Communications Act ("FCA").

As the Court may recall, this suit arises from a demand from plaintiffs for a refund for certain telecommunications services for which they voluntarily paid many years ago. Plaintiffs have two claims remaining: (1) violation of sections 201 and 207 of the FCA, and (2) common-law breach of contract. Both claims are time-barred if governed by a two-year statute of limitations. Resolution of which statute of limitations applies, therefore, will greatly aid the parties in resolving this dispute, and may dispose of it entirely. For that reason, Verizon proposes that the Court resolve this question of law now, prior to the close of discovery.

While plaintiffs evidently agree that their FCA claims are governed by that statute's two-year statute of limitations, they nevertheless contend that a six-year limit applies to the breach of contract claims that plaintiffs have styled under New York common law. Verizon, by contrast, contends that the FCA mandates a two-year period where, as here, the claims arise out of



services governed by tariffs filed with the Federal Communications Commission ("FCC") pursuant to the FCA.

Pursuant to section 415(b) of the FCA, "[a]ll complaints against [telecommunications] carriers for the recovery of damages not based on overcharges shall be filed … within two years from the time the cause of action accrues, and not after." 47 U.S.C.A. § 415(b). The FCA defines an "overcharge" as the assessment of a rate higher than that set forth in the applicable tariff. Plaintiffs do not claim that Verizon charged a rate in excess of the tariffed rate; rather, they allege that they should not continue to have been billed for services Verizon should have discontinued. Therefore, plaintiffs are seeking to recover "damages not based on overcharges" and section 415(b)'s two-year statute of limitations applies to their claims.

There is no dispute that all of the disputed charges were issued, and plaintiffs made payment, more than two years prior to the filing of this action in June 2011. Further, we do not understand plaintiffs to dispute that the FCA's two-year limit applies to their claims pled under the FCA itself.

The only question, then, is whether plaintiffs may evade the FCA's two-year limitations period by characterizing their claims as common-law breach of contract arising under state law. The answer to that question is no.

By its literal text, section 415(b) applies to "*[a]ll complaints* against [telecommunications] carriers for the recovery of damages not based on overcharges . . .." 47 U.S.C.A. § 415(b) (emphasis added). Congress' broad language – "all complaints" – means that plaintiffs cannot avoid the application of the two-year period by merely styling their claims as common law breach of contract. Thus, several district courts have applied the two-year period to billing disputes such as the current one. *See, e.g., Firstcom, Inc. v. Qwest Commc'ns*, 618 F. Supp. 2d 1001, 1005 (D. Minn. 2007) (applying two-year statute of limitations to state law claims based on the FCA's "broad definition of claims against carriers"). The Eastern District of Virginia in *MFS International, Inc. v. International Telcom Ltd.* explained the rationale for doing so: "applying state statutes of limitations to such claims against communications carriers 'would defeat the national uniformity Congress intended in enacting the [FCA's two-year] statute of limitations.'" 50 F. Supp. 2d 517, 520 (E.D. Va. 1999) (quoting *Swarthout v. Michigan Bell Tel. Co.*, 504 F.2d 748, 748 (6th Cir. 1974)). Indeed, pursuant to section 415(b)'s broad language, the Ninth Circuit in *Pavlak v. Church* held that a two-year limitations period even applied to civil rights claims brought against a local police department and a telecommunications carrier arising from an alleged illegal wiretapping scheme. 727 F.2d 1425, 1428-29 (9th Cir. 1984).

Moreover, the services at issue here were provided to plaintiffs pursuant to tariffs filed with the FCC under 47 U.S.C.A. § 203(a), and claims involving such tariffed services arise under federal, not state, law. Because "a suit to enforce a contract's provisions as to rates or services must in fact rely on the underlying tariff, which has the force of law. . . . Such claims [styled as common-

law claims], if they survive at all, arise under the FCA . . . ." *MFS Int'l*, 50 F. Supp. 2d at 520. *Accord Statistical Phone Philly v. NYNEX Corp.*, 116 F. Supp. 2d 468, 477 n.5 (S.D.N.Y. 2000); *Global Crossing Bandwidth, Inc. v. Locus Telecommunications, Inc.*, 632 F. Supp. 2d 224, 247 n.14 (W.D.N.Y. 2009). Plaintiffs' claims are premised on various tariff provisions: for the option of pre-paying for certain services under a service discount plan (Amended Complaint, ¶¶ 44-50); termination, disconnection, and upgrade of services provided under a service discount plan (*id.*, ¶¶ 24-37); and the surcharge on special access services and the steps necessary to avoid such a surcharge (*id.*, ¶¶ 38-43). Consequently, plaintiffs' "breach of contract" claims are nothing more than actions based on Verizon tariffs "masquerading as state law claims[,]" *MFS International*, 50 F. Supp. 2d at 520, and are subject to the FCA's two-year statute of limitations.

In the event the Court grants Verizon's request to file a motion for partial summary judgment, Verizon requests that the Court also enter an order staying further discovery in this action until the Court rules on the motion. The parties have already engaged in an extensive and costly document review and production and Verizon anticipates that the parties will conduct at least a dozen fact depositions between them. None of the depositions will bear upon the legal question of which statute of limitations applies to plaintiffs' claims. The Court's ruling on this threshold legal issue may end the litigation entirely, and, at a minimum, it will facilitate settlement and greatly reduce, or obviate altogether, the need to undertake costly and time-consuming discovery. As such, a stay of discovery is warranted during the pendency of this motion.

For the foregoing reasons, Verizon requests that Your Honor hold a pre-motion conference on Verizon's anticipated motion for partial summary judgment, as well as stay any further discovery in this action until the Court issues a ruling on the anticipated motion.

Respectfully submitted,

Gavin J. Rooney

GJR:ah

cc: Honorable Henry Pitman, U.S.M.J.  
All Counsel of Record

23510/9  
01/16/2014 28374891.1