KORNSTEIN VEISZ WEXLER & POLLARD, LLP

ATTORNEYS AT LAW

757 THIRD AVENUE
NEW YORK, NEW YORK 10017-2013
TELEPHONE (212) 418-8600
TELECOPIER (212) 826-3640
WWW.KVWP.NET

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-21-14

Kevin J. Fee, *Partner*
WRITER'S DIRECT DIAL NO.: (212) 418-8608
WRITER'S E-MAIL ADDRESS: Kfee@KVWMail.com

January 21, 2014

**BY E-MAIL**

The Honorable Judge Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

IT IS HEREBY ORDERED THAT the parties shall appear for a pre-motion conference on Thursday, February 13, 2014, at 3:30 p.m.

SO ORDERED
Dated: 1/21/14
RICHARD J. SULLIVAN
U.S.D.J.

Re: Beth Israel, et al. v. Verizon et al., 11 Civ. 4509 (RJS); and
Beth Israel, et al. v. Siemens, et al., 12 Civ. 1028 (RJS)

Dear Judge Sullivan:

I write on behalf of Plaintiffs in these two cases in response to Verizon's request for a pre-motion conference concerning a requested motion for summary judgment on statute of limitations grounds and a stay of all discovery. Plaintiffs have a very different view of the statute of limitations issue and anticipate making a motion for summary judgment, after the close of discovery, including that a six-year statute of limitations applies to Plaintiffs' breach of contract claims. Resolution of both these cases will not be expedited, and no efficiencies will be achieved, by staying discovery to resolve the statute of limitations issue.

As Your Honor will recall, these two cases are intimately interrelated. Plaintiffs claim that Siemens is also responsible for overpayments to Verizon. Any ruling on the statute of limitations applicable to Plaintiffs' claims against Verizon will have no affect on the merits of Plaintiffs' claims against Siemens. And resolving Plaintiffs' claims against Siemens will require completing all discovery, including the discovery from Verizon. So Verizon will not be able to avoid discovery in any event.

Furthermore, even if Verizon's position -- that all of Plaintiffs' claims are governed by the two-year statute of limitations in the Federal Communications Act ("FCA") -- were correct (and it is not), that will not end this case as to Verizon. The accrual of a claim under the FCA is governed by the discovery of injury rule, i.e., the cause of action accrues only when claimant discovers (or with due diligence should discover) that it has been overcharged. MCI Telecomm. Corp. v. F.C.C., 59 F.3d 1407, 1417 (D.C. Cir. 1995). Verizon cannot obtain summary judgment because (at best for Verizon) there is a fact issue about such discovery. It seems clear that Verizon did not move

17551161.ETKJF.00023.wpd

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

Page 2

on statute of limitations grounds in its Motion to Dismiss the Complaint at the outset of the case because it recognized that such issues of fact existed.

As to the applicable statute of limitations, Verizon argues, incorrectly, that the FCA preempts all state law breach of contract claims, and therefore the FCA's two-year statute of limitations must apply to all of Plaintiffs' claims. The FCA does not preempt all state law claims challenging a carrier's billing practices. Marcus v. AT&T Corp., 138 F.3d 46, 55 (2d Cir. 1998). Far from preempting state law claims, the FCA expressly preserves them. Id. at 54 citing 47 U.S.C. § 414. That provision is the FCA "savings clause," i.e., "Nothing in [the FCA] shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." The FCA "does not manifest a clear Congressional intent to preempt state law actions" and "evidences Congress's intent to allow such claims to proceed under state law." Id. at 54. Therefore, the Second Circuit has rejected Verizon's preemption and "national uniformity" arguments and the cases upon which Verizon relies such as MFS Int. Inc. v. Int. Telcom Ltd., 50 F. Supp. 2d 517, 525 (E.D. Va. 1999) and Swarthout v. Michigan Bell Tel. Co., 504 F.2d 748, 749 (6th Cir. 1974). The Marcus Court's finding of Congressional intent to allow state law claims to proceed under state law also precludes Verizon's argument that the "literal text" of the FCA means that the FCA statute of limitations applies to non-FCA claims. That same finding means that the two-year statute of limitations in FCA § 415(b) and (c) is inapplicable to claims that do not arise under the FCA and that stand alone as separate state law claims. See Coop. Commc'ns. Inc. v. AT&T Corp., 867 F. Supp.1511, 1519 (D. Utah 1994); Indiana Bell Tel. Co v. Lacy, IP02-0170-C-H/K, 2004 WL 3059705, at *2 (S.D. Ind. Dec. 2, 2004) ("[W]hy would Congress try to write a statute of limitations for state law claims that it had taken special care to preserve with the savings clause of § 414?").[1]

FCA § 414 does not allow a plaintiff to invoke a state law claim to seek an unlawful preference or in a way that directly conflicts with a tariff filed with the FCC. AT&T v. Central Office Telephone, Inc., 524 U.S. 214, 227 (1998). Under the filed-rate doctrine, the carrier's duly filed rate is the only lawful charge, and deviation from that rate is not permitted. Id. at 222. The filed rate doctrine: (1) "prevent[s] carriers from engaging in price discrimination as between ratepayers,"[2] and (2) preserves "the exclusive role of federal agencies in approving rates for

---

[1] Verizon's other cases are distinguishable. The District Court's preemption rationale in Firstcom, Inc. v. Qwest Commc'n, 618 F. Supp.2d 1001 (D. Minn. 2007), did not survive on appeal. Citing Marcus, supra, the Eighth Circuit held that "Firstcom's fraud claim is not preempted by the Act." Firstcom, Inc. v. Qwest Communications, 555 F.3d 669, 679 (8th Cir. 2009). Global Crossing Bandwidth, Inc. v. Locus Telecomm. Inc., 632 F. Supp. 2d 224 (W.D.N.Y. 2009), merely cited to MFS and the district court opinion in Firstcom in dicta. In Pavlak v. Church, 727 F.2d 1425 (9th Cir. 1984), the Court applied a federal statute of limitations to plaintiffs' claim under the federal civil rights act which provided no statute of limitations. In Swarthout, supra, the Court declined to apply a state law statute of limitations to a federal claim. In Statistical Phone Philly v. NYNEX Corp., 116 F. Supp.2d 468, 477 (S.D.N.Y. 2000), Judge Chin "ruled that plaintiffs' FCA claims were subject to a two-year statute of limitations and their state law claims were subject to a three-year statute of limitations."

[2] The promise of additional services and guarantees that the customer in Central Office Telephone sought to enforce through its breach of contract claim pertained to subjects that were

KORNSTEIN VEISZ WEXLER & POLLARD, LLP
Page 3

telecommunications services that are 'reasonable' by keeping courts out of the rate making process." Marcus, 138 F.3d at 58. A filed tariff does not govern the entirety of the relationship between the common carrier and the customer; nor does a tariff serve as a shield against all actions based on state law. Central Office Telephone, 524 U.S. at 230-31 (Rehnquist concurring).

The savings clause, FCA § 414, preserves the six-year statute of limitations applicable to Plaintiffs' breach of contract claim because enforcing that claim will result neither in price discrimination as between ratepayers nor in this Court engaging in the rate-making process. Plaintiffs are not complaining that Verizon breached a tariff; Plaintiffs are complaining about Verizon's breach of separate agreements to: (a) stop billing Plaintiffs for IDSR and TLS service once Verizon deployed and commenced billing for the replacement service DWDM, and (b) recognize the remaining credit on Plaintiffs' account for a pre-payment made to Verizon on Plaintiffs' behalf by GE Capital. Enforcing those agreements will give Plaintiffs neither a lower price for an equivalent service, nor an enhanced service for the equivalent price, offered to other Verizon customers. And enforcing those agreements does not conflict with any tariff. Plaintiffs do not claim a breach of the filed rate in the tariff, but rather that Verizon breached the parties' agreement not to bill **at all** for IDSR or TLS service after Verizon commenced DWDM service on December 22, 2005. As the court wrote in MFS, 50 F. Supp. 2d at 524 n. 15.

> Of course, contractual provisions not implicating the terms of the filed tariff (such as the one year limitation of actions in this instance) or permitted by the tariff (such as the parties' agreement as to duration of services here) may be enforced.

The FCA statute of limitations does not apply to the breach of contract claim because the Verizon agreements here can be enforced without implicating or offending the terms of Verizon's tariffs.

Rather than suspend all discovery while the parties brief and the Court decides this one issue, it would appear that the better course of action is for the parties to complete all discovery and then make dispositive motions. If there were some other way in which these issues could be handled that would actually achieve efficiencies, Plaintiffs would welcome that.

Respectfully,

Kevin J. Fee
Attorney for Plaintiffs

cc: Gavin J. Rooney, Esq. (Counsel for Verizon)
Dennis H. Tracey, III, Esq. (Counsel for Siemens)
Glenn Cunningham, Esq. (Counsel for Tango)

---

"specifically addressed by the filed tariff." 524 U.S. at 224-25 (emphasis in original). The carrier's alleged promises "would have been in flat contradiction of the tariff." Id. at 225. Therefore, the state law claim was "[a] claim for services that constitute unlawful preferences or that directly conflict with the tariff." Id. at 227.